**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SANTIAGO P.R.,

Petitioner,

v.

FACILITY ADMINISTRATOR, *Appleton Detention Facility*;

SAM OLSON, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*;

DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement;*

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and

TODD BLANCHE, *Attorney General*,

Respondents.

Civil No. 26-4850 (JRT/DJF)

**ORDER**

---

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. If Petitioner is being detained in Minnesota, Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota until the Court issues an order on the pending Petition for Writ of Habeas Corpus (Docket No. [1]).

a. Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

b. If Petitioner has already been removed from Minnesota, Respondents are **ORDERED** to immediately return Petitioner to Minnesota.

c. This Order does not preclude Respondents from executing a valid final order of removal; however, Respondents shall provide the Court and Petitioner at least 48 hours' notice of an intent to execute a final order of removal.

2. Respondents are directed to file an answer to the petition for a writ of habeas corpus of Petitioner by **no later than 4:00 p.m. on November 20, 2026**, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

3. Respondents' answer should include:

a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

i. If Respondents should produce a warrant, Respondents shall provide sufficient details to establish the validity of the warrant, and

ii. Respondents shall produce all exhibits in unredacted form or shall request leave of the Court to provide redacted versions;

b. A reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims, including why Petitioner should not be released immediately, without conditions;

c. Respondents' recommendation on whether an evidentiary hearing should be conducted; and

d. Whether the absence of a valid warrant preceding Petitioner's arrest necessitates Petitioner's immediate release.

4. If Petitioner intends to file a reply to Respondents' answer, he must do so by **no later than 4:00 p.m. on November 27, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

5. Petitioner's Motion for Temporary Restraining Order (Docket No. [2]) is **DENIED as moot**.

DATED: November 18, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge